## E. D. HILLIARD *v.* THE STATE.

1. ILLEGAL PRACTICE OF MEDICINE. — Under the provisions of the act of 1876, "to regulate the practice of medicine," no class of medical practitioners can pursue their profession in this State without a certificate of qualification, except those who for five consecutive years prior to January 1, 1875, were regularly engaged in the general practice of medicine in this State.

2. SAME. — A certificate of qualification conforming to the provisions of said

act of 1876 is an indispensable prerequisite to all practitioners of medicine in this State, except, *first*, the aforesaid veteran class, who need no certificate at all; and, *second*, those who, prior to the act of 1876, obtained certificates of qualification under the act of 1873.

3. Same. — Before any certificated physician can lawfully engage in practice, his certificate must be furnished to the district clerk of the county of such physician's residence or sojourn, and the appropriate entries be made by the clerk upon his record, as required by the act of 1876.

4. Same. — A certificate of qualification obtained and recorded under the act of 1873 protects the practitioner while he resides or sojourns in the county where it has been recorded; but if he changes his domicile to another county, he must, before there engaging in practice, furnish his certificate to the district clerk of the latter county for record.

5. Same. — The object of the said "act to regulate the practice of medicine" is the protection of the people against quack doctors and medical charlatans, and its provisions are to be construed in harmony with its purpose and policy.

Appeal from the County Court of Falls. Tried below before the Hon. E. C. Stuart, County Judge.

The case is clearly stated in the opinion of the court.

*J. S. Scott*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, J. In order to determine the merits of this case as presented by the record, it is only necessary to arrive at the proper construction of portions of the second and fifth sections of "An act to regulate the practice of medicine." Gen. Laws 16th Leg. 231 (Rev. Stats., Penal Code, arts. 396–399).

These two sections read as follows, viz. :—

"Sect. 2. That every person who may hereafter engage in the practice of medicine, in any of its branches or departments, in this State, shall, upon entering upon such practice, furnish to the clerk of the District Court of the county in which such practitioner may reside or sojourn, his certificate of qualification ; and said clerk shall enter the name of such person in a well-bound book kept in his office for that pur-

pose, together with the time when, the place where, and the person or persons by whom such certificate of qualification was given; after which he shall return the certificate to the owner thereof," etc.

" Sect. 5. That any person violating any of the provisions of this act shall be guilty of a misdemeanor; * * * *provided*, that nothing in this act shall be so construed as to exclude or disqualify any person who may have been already qualified for the practice of medicine under the act of May 16, 1873; *provided*, that nothing in this act shall be so construed as to apply to those who have been regularly engaged in the general practice of medicine in this State in any of its branches or departments for a period of five consecutive years in this State, prior to the first day of January, 1875; nor to those who have obtained certificates of qualification under said act," etc.

Plainly deducible from the language thus used, in our opinion the intention of the Legislature can readily be formulated in the following propositions:—

1. But one class of medical practitioners may pursue their profession without first obtaining a certificate of qualification, viz.: those who have been regularly engaged in the general practice of medicine in the State for five consecutive years prior to the first day of January, 1875.

2. But two classes are allowed to practise medicine without having first procured a certificate of qualification under the act of 1876, and they are, *first*, those who have been engaged in the general practice in the State five consecutive years before and up to the 1st of January, 1875; and, *second*, those who have theretofore obtained their certificates of qualification under the act of May 16, 1873.

3. In all other cases a certificate of qualification must, as a condition precedent (sect. 1, art. 1876, p. 231), not only be obtained, but, further, be furnished to the district clerk, and the appropriate entries concerning it be made by him, before the party holding it can legally enter upon and engage in the practice. (Sect. 2.)

4. In all those cases where a certificate of qualification may have been obtained by virtue of, and been duly recorded under the provisions of, the act of 1873, in the county where the party then resided or sojourned to practise, it would protect him so long as his place of residence remained unchanged. But whenever he changed his domicile, or went to sojourn in another county, its protecting power would not avail, nor could he legally engage in the practice in this latter county until after he had furnished the clerk of this last county with his certificate, in order to have it properly entered of record again, as provided in sect. 2.

With regard to the last proposition, it seems to us that no other legitimate construction would be in accord with the evident intention of the Legislature in the passage of the act. And such construction was likewise given by the court as a necessary inference to be drawn, under similar provisions, from the general import and object of the act of 1873, in the case of *Goldman* v. *The State*, 44 Texas, 104.

The object of the law was to protect the people of the State against charlatans and quacks. To attain this purpose most effectually, no better plan, or one more simple or practical, could have been devised than to require that the people at least should be notified in advance, or have at their command the means of notifying themselves, of the authority and qualifications of those proposing to engage in a profession so nearly affecting the lives and health of themselves and families. Without some such notice and information, the law would become entirely nugatory.

In the case at bar, the defence was that appellant had previously obtained a certificate of qualification in Harrison County, Texas, under the act of 1873. The evidence shows that he removed to, resided in, and was practising medicine, in 1879, in Falls County, without having furnished the district clerk of the latter county with his certificate of qualification. In the view we have expressed of the law, he was clearly liable for its violation. This renders it unnecessary

for us to pass upon the correctness of the ruling of the court in excluding what purported to be the evidence of his certificate under the act of 1873, which was the only other question in the case.

There being no perceivable error in the proceedings or the judgment, the judgment is affirmed.

*Affirmed.*